**HENG SUN ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Department of Homeland Security, Sean Cenawood, U.S. Attorney's Office, Southern District of New York, Respondents.**

No. 05–4232–ag.

United States Court of Appeals, Second Circuit.

April 26, 2007.

David A. Bredin, New York, New York, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Monica J. Richards, Assistant United States Attorney, Buffalo, New York, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Heng Sun Zhu, a native and citizen of the People's Republic of China, seeks review of a July 6, 2005 decision of the BIA affirming the October 21, 2003 decision of Immigration Judge ("IJ") Philip L. Morace denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Heng Sun Zhu,* No. A 73 184 821 (B.I.A. July 6, 2005), *aff'g* No. A 73 184 821 (Immig. Ct. N.Y. City Oct. 21, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Particular deference is given to an IJ's assessment of a petitioner's demeanor. *Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

To the extent that the IJ adopted his December 2000 decision finding Zhu not credible, we find that substantial evidence supports this determination. *See Zhou*

*Yun Zhang,* 386 F.3d at 73 & n. 7. The IJ found that Zhu's non-responsiveness and persistence in offering unsolicited information, requiring counsel to repeat many questions, undermined his credibility. Furthermore, Zhu's testimony that he was arrested, detained, beaten, and threatened with sterilization was dramatically inconsistent with his asylum application. Zhu's recent claim to have been plagued by memory loss at the time of his 2000 hearing does not account for either the omissions from his application or his unsolicited testimony during the hearing.

The IJ reasonably found that Zhu's second asylum claim was tainted by the earlier adverse credibility determination. *See, e.g., Matter of Sipus,* 14 I. & N. Dec. 229, 231 (BIA 1972). Indeed, neither party challenges the relevance of the adverse credibility determination in 2000 to Zhu's claim in 2003. In light of this adverse finding, the IJ reasonably found that Zhu could not rehabilitate his credibility in the absence of reliable corroboration. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Given Zhu's failure to testify as to how he came into possession of his wife's affidavit and medical documents and his failure to submit his wife's sterilization certificate, which he claimed to have in his possession, it was reasonable for the IJ to conclude that Zhu could not rehabilitate his credibility.

Because Zhu's withholding and CAT claims rested on the same ground as his asylum claim, he necessarily cannot sustain his burden for withholding or CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DIS-

26

MISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).